IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| ABRAM OLIVER DEGARDEYN, | ) |
| Petitioner, | ) Civil Action No. 2:26-cv-00267 |
| vs. | ) Senior United States District Judge |
| | ) Nora Barry Fischer |
| COMMONWEALTH OF PENNSYLVANIA, | ) United States Magistrate Judge |
| | ) Christopher B. Brown |
| Respondent. | ) |

REPORT AND RECOMMENDATION

**Christopher B. Brown, United States Magistrate Judge**

**I.  Recommendation**

This matter was initiated by the filing of a pro se Notice of Removal filed by Abram Oliver DeGardeyn.  ECF No. 1.  The Notice was received without the filing fee or a motion for leave to proceed in forma pauperis.  Petitioner, Abram Oliver DeGardeyn, is the subject of criminal proceedings currently pending before the Court of Common Pleas of Fayette County at Case No. CP-26-CR-0002157-2025.  *Id.*, *see also* ECF No. 1-1.  The Notice has been reviewed pursuant to 28 U.S.C. § 1455(b)(4).  For the reasons set forth below, it is recommended the matter be summarily remanded to the state courts for further proceedings.

**II.  Report**

  **A.  Background**

Based on the notice and attached exhibits, as well as the publicly available state court docket, to which the Court takes judicial notice, DeGardeyn was charged by Information with two misdemeanor counts of Stalking – Repeatedly Commit Acts

1

to Cause Fear, occurring on July 21, 2025, in violation of 18 P.S. § 2709.1 §§ A1. *See* publicly available docket at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-26-CR-0002157-2025. On January 6, 2026, the Fayette County Public Defender's Office entered an appearance for DeGardeyn and waived formal arraignment. That same day, a surety bond in the security amount of $10,000.00 was posted on DeGardeyn's behalf. On January 12, 2026, Judge Nancy D. Vernon issued an Amended Order for Competency Evaluation.

DeGardeyn claims Fayette County Court of Common Pleas has denied his rights under the United States Constitution and the Americans with Disabilities Act, in the following respects:

> **A. Violation of the 14th Amendment (Due Process) and Pa.R.Crim.P. 543**: The magisterial District Court docket for December 8, 2025, explicitly confirms that the preliminary hearing was held *in absentia* while the Petitioner was not present and had not provided a waiver. This "Held for Court" disposition is a structural error that invalidates the transfer of jurisdiction to the Court of Common Pleas.
>
> **B. Obstruction of Self-Representation (6th amendment):** The state court has consistently ignored Petitioner's dismissal of the Public Defender's Office and his assertion of *pro se* status. By continuing to serve and recognize "shadow counsel" against Petitioner's express refusal, the court has constructively abandoned the Petitioner's right to be heard and to conduct his own defense.
>
> **C. Weaponized Competency and ADA Retaliation (42 U.S.C. § 12203):** The state court, under Judge Nancy D. Vernon, has issued multiple "Amended Orders for Competency Examination" without a predicate motion, hearing, or evidence. These orders are being utilized as a retaliatory mechanism to suppress the Petitioner's filings

2

regarding ADA Title II auxiliary aids and to suspend his civil rights under the pretext of mental health evaluation.

ECF No. 1 at 2.

### B. Discussion

Title 28, United States Code, section 1455, sets out the procedure for removal of criminal prosecutions from state court to federal court. It provides as follows:

> **(a) Notice of removal**. -- A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements**. -- **(1)** A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
>
> **(2)** A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.
>
> **(3)** The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.
>
> **(4)** The United States district court in which such notice is filed shall examine the notice promptly. If it clearly

> appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.
>
> **(5)** If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.
>
> **(c) Writ of habeas corpus.**—If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue its writ of habeas corpus, and the marshal shall thereupon take such defendant or defendants into the marshal's custody and deliver a copy of the writ to the clerk of such State court.

28 U.S.C. § 1455.

The substantive grounds for removal of a criminal prosecution are set out in 28 U.S.C. §§ 1442, 1442a, and 1443. *See Pennsylvania v. Williams*, No. 3:15-CV-1022, 2015 WL 3440273, at *1 (M.D. Pa. May 27, 2015). Section 1442 allows for removal of criminal prosecutions in certain instances against federal officers or agencies, and section 1442a allows for removal of criminal prosecutions in certain instances against members of the armed forces. *See* 28 U.S.C. §§ 1442 and 1442a.

Section 1443 allows for removal in two situations. Section 1443(1) authorizes the removal of a state law civil or criminal action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" 28 U.S.C. § 1443(1). Under this provision, "a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed

4

by a federal law 'providing for. . . equal civil rights'; and (2) that he is 'denied or cannot enforce' that right in the courts' of the state." *Davis v. Glanton,* 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)).

Under the first requirement, the defendant must allege a deprivation of rights guaranteed by a federal law "providing for specific civil rights stated in terms of racial equality." *Id.* Under the second requirement, removal is available where the defendant's federal civil rights would "inevitably be denied by the very act of being brought to trial in state court." *New Jersey v. Thomas*, 344 F. App'x 727, 728 (3d Cir. 2009) (per curiam) (quoting *Davis*, 107 F.3d at 1047, 1049) (citations omitted).

Section 1443(2) permits removal of a state law civil or criminal action "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). This provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights[,]" or upon state officers who refuse to enforce racially discriminatory laws. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966).

Here, DeGardeyn satisfies none of the substantive criteria for removal of a criminal prosecution. He is not a federal officer, a state officer, or a member of the armed forces, leaving only § 1443(1) as a possible substantive ground for removal. *See* 28 U.S.C. §§ 1442, 1442a, 1443(2).

5

As the Court of Appeals for the Third Circuit has summarized,

> the removal permitted by 28 U.S.C. § 1443[(1)] is narrow. . . . Where the party seeking removal asserts the violation of his constitutional rights phrased in terms of general rights applicable to all citizens, rather than provisions couched in the specific language of racial equality, there is no basis for removal of an action to federal court.  Thus, a defendant seeking to remove a case under § 1443(1) must demonstrate that <u>the rights claimed arise under a provision of the Constitution or federal law specifically designed to promote racial equality,</u> and must also specifically allege that he has been denied or cannot enforce in the state court the right that was created by the civil rights law under which he seeks protection.  The allegation of illegal or corrupt acts of individual state officials that might be corrected by the state judiciary, or the mere possibility of an unfair trial in state court, will not justify removal to the federal court under § 1443(1).

*Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 (3d Cir. 2016) (per curiam) (citing *Peacock*, 384 U.S. at 829–30; *Rachel*, 384 U.S. at 792; *Davis*, 107 F.3d at 1047) (emphasis added).

Although DeGardeyn asserts his Fourteenth and Sixth amendment rights under the Constitution and his rights under the ADA have been violated, he has not demonstrated his claims arise under a provision of the Constitution or federal law specially designed to promote racial equality.  As our Court of Appeals noted, "[t]he allegation of illegal or corrupt acts of individual state officials that might be corrected by the state judiciary,  . . . will not justify removal to the federal court under § 1443(1)." *Brown-Bey*, 637 . App'x at 688.

### III.   Conclusion

For the foregoing reasons, it is recommended that:

1. This matter be summarily REMANDED forthwith to the Court of Common Pleas of Fayette County where it is docketed as *Commonwealth v. Abram Oliver Degardeyn,* at Case No. CP-26-CR-0002157-2025; and

2. The Clerk be directed to mark this case as CLOSED.

DeGardeyn is permitted to file written specific Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b)(2), and LCvR 72.D.2, DeGardeyn, must file written objections, if any, to this Report and Recommendation by **March 13, 2026**. DeGardeyn is cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011)(quoting *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir. 1983). *See also EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATED this 24th day of February, 2026.

                                           BY THE COURT:

                                           s/Christopher B. Brown
                                           Christopher B. Brown
                                           United States Magistrate Judge

cc:   ABRAM OLIVER DEGARDEYN
      511 Prospect Street EXT
      Point Marion, PA 15474
      (via U.S. First Class Mail)